## Herman H. Sticht Co., Inc. v. Bradford Equipment Co.

*William L. McLaughlin,* for plaintiff.

*Glenvar E. Harman,* for defendant.

KURTZ, J., July 29, 1970.—By written purchase order no. 710-61, dated October 27, 1967, defendant "purchased on approval" of plaintiff "2 Model C DC Tach Generators, 6 Volts 1000 RPM" at a price of $64 each. Under the heading "Terms and Conditions of Purchase" the order stipulated:

"1. ACCEPTANCE. This Purchase Order constitutes Buyer's offer. It becomes a binding contract on the terms set forth herein, either upon receipt by Buyer of the acknowledgment duly executed by Seller, or by performance. No modification of this contract shall be effective unless agreed to in writing signed by an authorized representative of the Buyer. Buyer recognizes that Seller may, for operating convenience, desire to utilize its own form of acknowledgment or confirmation of sale in accepting this order; in such case, it is agreed that any provision, term or condition in such form of acceptance which modifies, conflicts with, contradicts or adds to any provision, term or condition of this order, shall be deemed to be waived (unless the same are expressly accepted in writing signed by Buyer) and the provisions, terms and conditions of this order, by such acceptance, shall constitute the whole contract between the parties."

In due course, the items ordered were delivered to defendant. Thereafter, on February 20, 1968, six additional such generators were ordered upon the same form of purchase order upon which the defendant had caused to be typed: "SAME AS FURNNISHED on P. O. 710-61." On April 4, 1968, 40 more generators were ordered upon the same purchase order form. Three separate shipment dates were spe-

cified upon that order. All generators were delivered. Plaintiff now seeks payment of the purchase price.

At the trial, plaintiff proved the foregoing and rested its case. Defendant then offered to show that prior to the issuance of the first purchase order, plaintiff's representative had indicated to defendant that the generators in question would perform in a designated manner and that they functioned in such a way as to accomplish specified results which defendant indicated it wanted to obtain. When plaintiff objected to the admission of such testimony, that objection was sustained. Since there was no other testimony offered in the case, a verdict was directed for plaintiff. Defendant has now moved for a new trial, asserting that the trial court's refusal to permit introduction of the testimony offered was error. We do not believe that it was.

By the terms of its own purchase order, that document contained all the terms of the contract. Acceptance of that order was supplied by plaintiff's delivery of the merchandise ordered.

The Uniform Commercial Code—Sales, as amended by the Act of October 2, 1959, P. L. 1023, sec. 2-327, 12A PS §2-327, provides, inter alia:

"(1) Under a sale on approval unless otherwise agreed . . . (b) use of the goods consistent with the purpose of trial is not acceptance but failure seasonably to notify the seller of election to return the goods is acceptance, and if the goods conform to the contract acceptance of any part is acceptance of the whole; . . ."

In addition, the code defines the term "acceptance" as follows:

"(1) Acceptance of goods occurs when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite

of their non-conformity . . .": 12A PS §2-606.

In this case, defendant was afforded the opportunity of making use of the generators for the purpose of determining whether they were acceptable to it. Thereafter, it purchased six additional such items, stipulating that they should conform to the type supplied under the initial purchase order. Having received that shipment, 40 more were ordered.

The only reasonable conclusions that may be drawn from these transactions are that the original shipment had been accepted and that thereafter defendant was ordering goods which conformed to the type first shipped. There is no showing that the generators delivered pursuant to the second and third purchase orders did not conform to those originally delivered. See Code, supra, 12A PS §2-313.

Accordingly, we think that there was no error in the trial court's refusal to accept the testimony which defendant offered. Likewise, the direction of a verdict in plaintiff's favor was also without error. Defendant's motion for a new trial is, therefore, refused.